## A. E. RANSOM v. JOHN GETTY.

1. CONTRACT *for Ordinary Care; Evidence; Instruction; Errors.* Where a bill of particulars alleges that defendant contracted to take good care of a horse and colt of plaintiff intrusted to his keeping, it will be held that such pleading states a contract for only ordinary care; and where said bill of particulars further states that said mare and colt sickened and died for want of proper care and attention, it is error to admit evidence, over the objection of defendant, of a contract for special and extra care of said mare and colt. It is also error for the court to instruct the jury under such pleadings and evidence,

over the objection of the defendant, what the duty of the defendant would have been, if they should find that special and extra care had been contracted for.

2. ———— *Erroneous Instruction.* Where the court gives an instruction not applicable to the evidence introduced, and containing an inference that defendant was guilty of fraud in his contract with plaintiff, which inference is wholly unsupported by evidence, such instruction is misleading and erroneous.

### *Error from Ellsworth District Court.*

AT the October Term, 1885, plaintiff *Getty* recovered a judgment for $80 against defendant *Ransom.* He brings the case to this court. The opinion contains a sufficient statement of the facts.

*Garver & Bond,* for plaintiff in error.
*Lloyd & Evans,* for defendant in error.

Opinion by HOLT, C.: This case was first tried before a justice of the peace and a jury, and the verdict and judgment were for plaintiff in error, for $66. Defendant in error, plaintiff below, appealed to the district court, where the case was tried by a jury at the October term, 1885; verdict for plaintiff, for $80, and judgment thereon; motion for a new trial overruled. The defendant below is plaintiff in error.

This action grew out of the following facts: In the year 1884, plaintiff placed his mare and colt in the possession of the defendant, for the purpose of breeding the mare to a horse of the defendant. About the first of August, the same year, the mare and colt were taken sick, and both died while in the possession of the defendant. Plaintiff claimed that they died for want of proper care and attention, and brought suit against the defendant. The defendant answered by a general denial, and also asked judgment against the plaintiff for the care and keeping of the mare and colt.

Plaintiff makes four assignments of error. We shall consider only a part of them. The plaintiff, in his bill of particulars in which his cause of action was formally stated at

some length, claimed that the contract between himself and defendant was that he should take good care of said mare and colt, and return them to plaintiff in good condition. He further alleged that defendant neglected said mare and colt, and by reason of such neglect they sickened and died. Testimony was introduced, over the objection of the defendant, showing that plaintiff stipulated for special and extra care of the mare and colt on the part of the defendant. The instructions to the jury were upon the theory that the defendant had introduced evidence showing that he had contracted to give more than ordinary care to the animals while in his possession. The findings of fact by the jury also seemed to follow the same theory. The first question answered was: "Did the defendant agree to take more than ordinary care of the mare and colt?" Answer, "Yes." The second question was: "If the above is answered yes, state what care was contracted for." Answer, "Good care." While we believe that ordinary care is good care, and a claim in the bill of particulars that the defendant contracted to give good care to the mare and colt of the plaintiff was simply an allegation that it was a contract for ordinary care, yet it is evident from the questions answered that the jury at least made a distinction between ordinary care and good care. They very naturally made that mistake under the instructions of the court, and the manner of introducing the evidence, a portion of which was offered to show that a degree of care greater than ordinary care was agreed upon between the parties in the keeping of the mare. Such evidence ought not to have been admitted under the pleadings. A number of instructions were given on the theory that more than ordinary care was contracted for. They were erroneous.

The defendant also complains of special instruction number 4, given by the court to the jury. The instruction is as follows:

"Should you believe from the evidence that before the mare and colt were taken by defendant, that there was distemper or other disease among the horses or colts of the defendant, and that such fact was not communicated to the plaintiff, and

that by reason of such disease being communicated to the colt, it became sick, and by reason of such sickness it died, and also caused the death of the mother by its not sucking the mother, and that disease was of a dangerous and contagious kind, then the court instructs you that it was a fraud for the defendant not to inform the plaintiff of such facts, if the same were known to defendant, or if the defendant by the exercise of reasonable diligence would have known the same, and the failure of the defendant so to do would be negligence, if you find that from such failure the plaintiff has sustained a loss."

We believe that instruction is misleading, and not applicable to the facts in the case. There was nothing either in the pleadings in this action, or the evidence as it appears in the record brought here, that would suggest an instruction relating to fraud, much less justify or warrant such an one; and, taken in connection with the other part of the instruction, and the testimony bearing upon the question of the distemper among the horses of the defendant, we think it was erroneous.

The contract was made by plaintiff and defendant in June, and the horses were taken there almost immediately thereafter. The plaintiff states that the horses and colts of the defendant had had the distemper, the disease of which the colt died, in the spring previous, while the defendant testified that the disease had been among his colts the fall and winter before. There is no testimony showing that for a considerable length of time prior thereto there had been any distemper a all among the horses of defendant. There is nothing in the evidence in this case that would indicate that it was the duty of defendant to say anything about the distemper which had been among his colts some time previous, much less could any fraud have possibly been inferred from his silence on that subject. There is no allegation in the bill of particulars that the mare died from the distemper, and the fact that she did die because the colt was sick with the distemper, was not the necessary and natural result of such sickness of the colt. The plaintiff, as a matter of fact, does allege that the mare died "wholly by reason of the carelessness and neglect of said defendant." The mare died, as the evidence introduced tends to show, be-

cause the milk gathered in her bag, causing it to cake, on account of the colt being unable to suck the mare because the distemper affected its throat, and because the defendant neglected to give her proper care. It is certainly reasonable to believe that the instruction complained of would, under the evidence, confuse and mislead the jury.

It is recommended that the judgment of the court below be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concurring.

37   79
39   227

37   79
43   724

37   79
50   446'

37   79
53   227

37   79
65   68

37   79
68   312

37   79
71   601